UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHARPE,<br><br>        Plaintiff,<br><br>        v.<br><br>S. SHERMAN et al,<br><br>        Defendant. | Case No. 1:19-cv-00711-EPG (PC)<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY ON THE CLAIMS FOUND COGNIZABLE BY THE COURT FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST C. CRYER, J. LEWIS, AND S. GATES, AS WELL AS FAILURE TO PROTECT IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST S. SMITH;<br><br>(2) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(3) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE ASSIGNED TO THIS CASE<br><br>(ECF NO. 1)<br><br>THIRTY (30) DAY DEADLINE |

Adam Sharpe ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 21, 2019. (ECF No. 1).

The Court has screened the Complaint and finds that Plaintiff states a cognizable claim for deliberate indifferent to serious medical needs in violation of the Eighth Amendment against C. Cryer, J. Lewis, and S. Gates, as well as a claim for failure to protect in violation of the Eighth Amendment against S. Smith. The Court will provide Plaintiff with leave to file a First Amended Complaint, if he believes that additional facts will establish other claims with the assistance of the legal standards set forth below. Plaintiff may also choose to proceed only on the claims found cognizable in this order, or to stand on this Complaint, subject to the undersigned issuing findings and recommendations to the assigned district judge consistent with this order.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges as follows:

Plaintiff suffers from Keratoconus, an eye disease that deteriorates vision. For this, Plaintiff has been prescribed SynergEyes Hybrid Contact Lenses. Without the contact lenses, Plaintiff's natural vision is 20/200 in the left eye and 20/400 in the right eye. The lenses are to be replaced every 6 months. Plaintiff received lenses on October 4, 2016 at Kern Valley State Prison. Plaintiff was then transferred to Substance Abuse Treatment Facility ("SATF") in December of 2016. Plaintiff let SATF medical know that Plaintiff's lenses would need to be replaced.

On April 27, 2017, Plaintiff was told he would be referred to see an ophthalmologist. Plaintiff did not see this ophthalmologist. Plaintiff filed a healthcare appeal, which was partially granted. Yet, by September of 2017, Plaintiff still had not received the replacement lenses.

Plaintiff then submitted a CDCR 1824 reasonable accommodation request for single cell status, stating that he felt vulnerable to a cell mate because his vision, without contact lenses, was severely impaired. This request was denied.

Plaintiff finally saw an ophthalmologist on June 4, 2018, which recommended contact lens replacement. However, by August 1, 2018, Plaintiff had yet to receive replacements.

Plaintiff submitted another appeal, which was answered. But Plaintiff still did not receive any contact lenses.

On January 24, 2019, Plaintiff still had not received his contact lenses. He was then assaulted by a cell mate. He received multiple injuries and was escorted off the prison grounds in an emergency response vehicle.

On April 1, 2019, having still not received contact lenses, Plaintiff submitted another reasonable accommodation request for single cell status. This was denied.

Plaintiff also attaches as exhibits multiple health care grievances and responses. Those responses repeatedly state that Plaintiff has been approved for new contact lenses, but had not yet received them. (ECF No. 1, at p. 7 (noting on October 20, 2017, "[t]he provider reviewed your diagnosis of keratoconus and noted that you would be referred for new contact lenses"); ECF No. 1, at p. 16 (stating that on December 3, 2018 "you completed a fitting consultation with an ophthalmologist and that you were awaiting the delivery of your contact lenses").

Plaintiff attaches a memo from Scott Kernan, Secretary Department of Corrections and Rehabilitation, regarding "Inmate Housing Assignment Considerations During the Screening and Housing Process." It includes the statement "Examples of inmates who should be considered for single-cell status, or other appropriate housing, on the basis of vulnerability are: An inmate who is blind and states he is at risk of an attach because of his disability." (ECF No. 1, at p. 27).

Plaintiff also attaches his request for single cell status on the basis that "I cannot see well enough when in my cell to defend myself from attack." (ECF No. 1, at p. 24). Plaintiff also attaches the response denying him single cell status. That response denies his request for reasons including on the basis that "you stated you did not have any safety or enemy concerns and can safety program on Facility C," and also that "You are issued special hard contact lenses to help keep your vision in proper focus." The denial is signed by S. Smith, ADA Coordinator/Designee.

///

///

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

### B. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

///

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's complaint sufficiently alleges that he had a serious need for contact lenses and did not receive them, despite prison officials being aware of that need. This sufficiently alleged deliberate indifference to his serious medical needs to proceed past the screening stage.

The Court next looks to which defendants are sufficiently responsible for not providing Plaintiff with his contact lenses for the case to proceed against them. Plaintiff names as defendants Stu Sherman, Warden of SATF; C. Cryer, Chief Medical Officer; S. Smith, ADA Coordinator; D. Sanchez, ADA Coordinator; C. Ramos, Custody Appeals Representation; G. Ugwaeze, Doctor; D. Rhoads, Health Care Grievance Representative; A. Adney, Healthcare Compliance Analyst; S. Gates, Healthcare Correspondence and Appeals Branch Chief; J. Lewis, Deputy Director. However, his complaint does not further specify how each is responsible. Additionally, Plaintiff's Exhibits demonstrate that his healthcare appeals regarding the contact lenses were denied or only partially granted by C. Cryer, Chief Executive Officer at SATF; J. Lewis, Deputy Director Policy and Risk Management Services California Correctional Health Care Services; and S. Gates, Chief Health Care Correspondence and Appeals Branch Policy and Risk Management Services.

Based on the information in Plaintiff's complaint and exhibits, the Court will permit Plaintiff's claim for deliberate indifference to serious medical needs to proceed against C. Cryer, Chief Executive Officer at SATF; J. Lewis, Deputy Director Policy and Risk

Management Services California Correctional Health Care Services; and S. Gates, Chief Health Care Correspondence and Appeals Branch Policy and Risk Management Services at this time. Each of these individuals was involved in the response to Plaintiff's health care appeal on this issue. The Court does not find sufficient information to allow a claim against any other defendant based on insufficient factual allegations regarding their responsibility for the issues in the complaint.

If Plaintiff chooses to amend his complaint, he may further specify which persons were involved in declining to provide him with contact lenses. Alternatively, he may proceed on the claim against the individuals named above and may be able to amend his complaint if he determines additional individuals were involved.

**C. Failure to Protect**

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

Plaintiff has alleged that he was exposed to a serious risk by being in a cell without contact lenses, rendering him unable to defend himself. The response to his single cell request shows consideration to his issues, but includes the basis that "You are issued hard contact lenses to help keep your vision in proper focus." That denial is signed by S. Smith, the ADA Coordinator/Designee. However, Plaintiff has also alleged that he was not in fact given new hard contact lenses.

The Court will allow Plaintiff's claim to proceed past the screening stage for a failure to protect in violation of the Eighth Amendment as to S. Smith, the ADA Coordinator/Designee.

The Court is not making a determination that Plaintiff will be able to satisfy all the elements of a failure to protect claim. But, given that S. Smith's reasons for denying single cell status were based in part on Plaintiff having hard contact lenses, and Plaintiff has pled that he was not in fact given those hard contact lenses, the Court finds that Plaintiff's claim contains sufficient allegations against S. Smith to proceed past screening at this time. The Court does not find sufficient facts to proceed for this claim against any other defendant because Plaintiff does not plead sufficient facts that any other defendant was aware of the risk to his safety yet was deliberately indifferent.

**IV. CONCLUSION AND ORDER**

The Court has screened Plaintiff's Complaint and finds that it states a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against C. Cryer, Chief Executive Officer at SATF; J. Lewis, Deputy Director Policy and Risk Management Services California Correctional Health Care Services; and S. Gates, Chief Health Care Correspondence and Appeals Branch Policy and Risk Management Services. Additionally, Plaintiff's Complaint states a cognizable claim for failure to protect in violation of the Eighth Amendment against S. Smith, ADA Coordinator/Designee. The Court finds that Plaintiff's complaint fails to state any other cognizable claims.

Plaintiff may (1) proceed with the Complaint on the claims found cognizable by the Court, (2) file a First Amended Complaint curing the deficiencies identified by this order, or (3) notify the Court that he stands on the Complaint as written, in which case the undersigned will issue findings and recommendation to the assigned district judge consistent with this order. If Plaintiff chooses to file a First Amended Complaint, that complaint will supersede the initial Complaint and the Court will screen the First Amended Complaint in full.

Should Plaintiff choose to amend the complaint, the amended complaint must allege constitutional violations under the law as discussed above. The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones v.

9

Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff is reminded that Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934. Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the Court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **THIRTY (30) days** from the date of service of this order, Plaintiff shall either:

(a) Notify the Court in writing that he is willing to proceed only on the claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against C. Cryer, Chief Executive Officer at SATF; J. Lewis, Deputy Director Policy and Risk Management Services California Correctional Health Care Services; and S. Gates, Chief Health Care Correspondence and Appeals Branch Policy and Risk Management Services as well as a cognizable claim for failure to protect in violation of the Eighth Amendment against S. Smith, ADA Coordinator/Designee; or

(b) File a First Amended Complaint; or

(c) Notify the Court in writing that he wishes to stand by the Complaint as written, in which case the undersigned will issue findings and recommendation to the assigned district judge consistent with this order;

3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-00711-EPG; and

4. If Plaintiff fails to comply with this order, the undersigned may recommend dismissal of the case for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **November 7, 2019**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE