1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| ADAM SHARPE. | CASE NO. 1:19-cv-00711-DAD-EPG (PC) |
|---|---|
| Plaintiff, | DISCOVERY ORDER CONCERNING THIRD-PARTY MEDICAL RECORDS FOLLOWING SCHEDULING CONFERENCE |
| v. | ORDER FOR CLERK TO PROVIDE ADDITIONAL COPY OF FIRST INFORMATIONAL ORDER TO PLAINTIFF |
| STU SHERMAN, et al., | |
| Defendants. | (ECF NO. 3) |

On June 8, 2020, the Court held a Rule 16 telephonic scheduling conference. During the conference, and based on discussion with the parties and review of the scheduling conference statements, the Court determined that any third-party medical records obtained by any party should be shared with all parties. Neither party had an objection to such an order.

In addition, Plaintiff Adam Sharpe asked about case resources. The Court notes that the First Informational Order in Prisoner/Civil Detainee Civil Rights Case (ECF No. 3) contains some additional information. The Court will direct the Clerk of Court to provide an additional copy of that order to Plaintiff.

Accordingly, to secure the just, speedy, and inexpensive disposition of this action,[1] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED[3] that:

1. In the event any party receives third-party discovery concerning medical records in this litigation, such party will provide copies of the discovery to all other parties. The parties do not have to re-produce documents they have already produced.
2. The Clerk of Court is hereby respectfully ORDERED to send an additional copy of the First Informational Order in Prisoner/Civil Detainee Civil Rights Case (ECF No. 3) to Plaintiff.

IT IS SO ORDERED.

Dated:   **June 8, 2020**                           /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").