UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHARPE,<br><br>    Plaintiff,<br><br>    v.<br><br>STU SHERMAN, et al.,<br><br>    Defendants. | No.  1:19-CV-00711-DAD-EPG (PC)<br><br>ORDER GRANTING MOTION FOR RELIEF FROM COURT REPORTER'S PHYSICAL PRESENCE<br><br>(ECF No. 46) |

On December 3, 2020, Defendants filed an Ex Parte Application for Relief from Court Reporter Physical Presence Requirement Under Fed. Rule Civ. P. 28. (ECF No. 46). In their application, which the Court construes as a motion, they state that Plaintiff's deposition is scheduled for December 18, 2020 and will be conducted via videoconference, using the BlueJeans conferencing application. (ECF No. 46-1 at 1-2). Due to concerns stemming from the pandemic, Defendants request a court order permitting "the court reporter to record Plaintiff's deposition remotely via video conference." (ECF No. 46 at 5).

Under Federal Rule of Civil Procedure 28(a)(1), "a deposition must be taken before: (A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony." (line breaks omitted). "[T]he court may on motion order . . . that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "A district

court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).

"[D]ue to the COVID-19 pandemic, conducting depositions remotely has become the new normal." *Hernandez v. Bobst Grp. N. Am., Inc.*, No. 1:19-CV-00882-NONE-SKO, 2020 WL 6063143, at *2 n.1 (E.D. Cal. Oct. 14, 2020) (quoting *Grupo Petrotemex, S.A. de C.V. v. Polymetrix A.G.*, 2020 WL 4218804, at *2 (D. Minn. July 23, 2020)).

In light of the pandemic, district courts are finding that parties satisfy Rule 28's requirement for conducting a deposition "before" an officer "so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants." *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 415 (S.D. Cal. 2020) (quoting *Sinceno v. Riverside Church in City of New York*, 2020 WL 1302053, at *1 (S.D.N.Y., Mar. 18, 2020)); *see also SAPS, LLC v. EZCare Clinic, Inc.*, 2020 WL 1923146, at *2 (E.D. La. Apr. 21, 2020) (substantially the same). This Court finds the reasoning in these decisions to be persuasive.

Accordingly, it is HEREBY ORDERED that:

1. Defendants' Ex Parte Application for Relief from Court Reporter Physical Presence Requirement is GRANTED.
2. The court reporter must attend Plaintiff's deposition via the same remote means (*e.g.*, video conference) used to connect all other remote participants, and all participants (including the court reporter) must be able to clearly hear and be heard by all other participants.

IT IS SO ORDERED.

Dated: __December 3, 2020__      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

2