1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ADAM SHARPE,                            No.  1:19-cv-00711-DAD-EPG (PC)

12                    Plaintiff,              ORDER GRANTING MOTION FOR LEAVE
                                             TO FILE AMENDED ANSWER
13              v.
                                             (ECF No. 48)
14    C. CRYER, et al.,
                                             ORDER GRANTING, IN PART, AND
15                    Defendants.            HOLDING IN ABEYANCE, IN PART,
                                             MOTION FOR EXTENSION OF TIME
16
                                             (ECF No. 52)
17

18
            On December 9, 2020, Defendants C. Cryer, S. Gates, J. Lewis and S. Smith
19
   ("Defendants") filed a motion for leave to file an amended answer. (ECF No. 48). On December
20
   24, 2020, Defendants filed a motion for summary judgment, as to Defendant Smith only, on the
21
   issue of exhaustion, and to stay discovery as to Defendant Smith. (ECF Nos. 50 & 51). On
22
   January 7, 2021, Plaintiff Adam Sharpe ("Plaintiff"), a state inmate proceeding *pro se* and *in*
23
   *forma pauperis*, filed a motion for extension of time, seeking extensions of his time to file a
24
   response to the motion for summary judgment and to file any motions to compel. (ECF No. 52).
25
   I.      **MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**
26
            It appears that Plaintiff does not oppose Defendants' motion for leave to file an amended
27
   answer, as his extension of time notes Defendants' motion for summary judgment, which was
28

                                                 1

filed after the motion for leave to file an amended answer. Moreover, Plaintiff's motion for an extension of time was signed December 31, 2020, which was one day after Plaintiff's deadline to oppose the motion for leave to amend. (ECF No. 52 at 2) (signing date); Eastern District of California Local Rule 230(*l*) (noting 21-day deadline to oppose any motions and "Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion").

Even if Plaintiff had not waived any objections, there appears to be good cause to grant the motion.  "The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001). "In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Id.*

Here, Defendants' counsel's declaration indicates that the amendment is required due to a mistake, not bad faith. (ECF No. 48-1). There is no undue delay because, according to the declaration, the amendment was sought as soon as the mistake was uncovered. (*Id.*). Plaintiff has not argued that he would be prejudiced as he does not oppose the motion. Finally, the Court does not find that amendments would be futile. Therefore, the Court will grant the motion.

## II.       MOTION FOR EXTENSION OF TIME

Plaintiff's motion for an extension of time seeks an extension of time to oppose Defendants' motion for summary judgment and seeks an extension of time to file motions to compel. (ECF No. 52). Plaintiff argues that he has no law library access and no access to lined paper or postage. Plaintiff further states his institution of confinement is under a lockdown due to inmate violence.

With respect to the extension of time to file a response to Defendants' motion for summary judgment, Plaintiff requests an extension to March 6, 2021. The Court finds good cause to extend Plaintiff's deadline to oppose Defendants' motion for summary judgment and will accordingly grant the motion as to such request.

With respect to the extension of time to file a motion to compel, the Court notes that a

telephonic discovery and status conference is set for January 25, 2021. (*See* ECF No. 32). The Court will hold Plaintiff's motion in abeyance as to such request and will consider that aspect of Plaintiff's motion at the conference.[1]

**III.    ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion for leave to amend (ECF No. 48) is GRANTED;

2. Defendants have leave to file their amended answer;

3. Plaintiff's motion for an extension of time is GRANTED, IN PART;

4. Plaintiff shall respond to Defendants' motion for summary judgment (ECF No. 50) no later than March 6, 2021; and

5. Plaintiff's motion for an extension of time is otherwise HELD IN ABEYANCE for consideration at the discovery and status conference set for January 25, 2021.

IT IS SO ORDERED.

Dated:   **January 11, 2021**          /s/ _Erica P. Grosjean_
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will also consider Defendants' motion to stay discovery as to Defendant Smith (ECF No. 51) at the telephonic discovery and status conference.