1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ADAM SHARPE, | No.  1:19-cv-00711-DAD-EPG (PC) |
| 12              Plaintiff, | ORDER RE: PRODUCTION OF DOCUMENTS SUBMITTED FOR IN CAMERA REVIEW |
| 13       v. | |
| 14  C. CRYER, et al., | (ECF No. 49) |
| 15              Defendants. | ORDER GRANTING MOTION FOR EXTENSION OF TIME |
| 16 | |
| 17 | (ECF No. 52) |
| 18 | ORDER GRANTING IN PART, AND DENYING IN PART, MOTION TO STAY |
| 19 | (ECF No. 51) |
| 20 | |

21        On January 25, 2021, the parties attended a telephonic status and discovery conference.

22  Plaintiff Adam Sharpe ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*,

23  appeared telephonically *pro se*. Counsel Andrea Sloan and Lawrence Bragg appeared

24  telephonically on behalf of Defendants.

25        Pending for review at the hearing were (1) the privilege log and documents for *in camera*

26  review submitted by Defendants on December 15. 2020, (ECF No. 49); (2) Plaintiff's motion for

27  an extension of time, as to the deadline for Plaintiff to file a motion to compel, (ECF No. 52); and

28  (3) Defendants' motion to stay discovery as to Defendant Smith, (ECF No. 51).  For the reasons

1

1   set forth below, and stated on the record, the Court orders as follows:

2   **I.      DOCUMENTS SUBMITTED FOR IN CAMERA REVIEW**

3          Under to the Court's scheduling order, "if a party is claiming a right to withhold witness

4   statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the

5   complaint based on the official information privilege, the withholding party shall submit the

6   withheld witness statements and/or evidence to the Court for in camera review, along with an

7   explanation of why the witness statements and/or evidence is privileged." (ECF No. 32 at 2-3).

8          On December 15, 2020, Defendants filed a privilege log and submitted certain documents

9   for *in camera* review. (ECF No. 49). The documents, which were responsive to Plaintiff's

10  discovery request for "records of any complaints, (if they exist) against Defendant S. Smith as

11  they pertain to his role as ADA Coordinator," (ECF No. 49-1 at 2), were withheld pursuant to the

12  official information privilege. (ECF No. 49-2).

13         **A.      Legal Standards**

14         In *Kerr v. United States Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192 (9th Cir. 1975),

15  *aff'd*, 426 U.S. 394 (1976), the Ninth Circuit Court of Appeals examined the government's claim

16  of the official information privilege as a basis to withhold documents sought under the Freedom

17  of Information Act.  It explained that the "common law governmental privilege (encompassing

18  and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege,

19  contingent upon the competing interests of the requesting litigant and subject to disclosure . . . ."

20  *Id.*at 198 (internal citations omitted).

21         The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing

22  of interests in ruling on the government's claim of the official information privilege.  *See, e.g.,*

23  *Seminara v. City of Long Beach*, 68 F.3d 481 (9th Cir. 1995) (affirming a magistrate judge order

24  compelling disclosure and stating "Federal common law recognizes a qualified privilege for

25  official information."); *Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir.

26  1976) (quoting *Kerr*, 426 U.S. at 406) ("Also, as required by Kerr, we recognize 'that in camera

27  review is a highly appropriate and useful means of dealing with claims of governmental

28  privilege.'"); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended*

1   *on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) (internal

2   citations omitted) ("Government personnel files are considered official information.  To

3   determine whether the information sought is privileged, courts must weigh the potential benefits

4   of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars

5   discovery.").

6        In interpreting the official information privilege in this context, the Court also looks to the

7   U.S. Supreme Court's statements related to the requirement that prisoners exhaust administrative

8   remedies.  The Supreme Court has upheld the "proper exhaustion" requirement in part because of

9   the evidentiary value of the documents generated as a result of that process.  *Woodford v. Ngo*,

10  548 U.S. 81, 94-95 (2006) ("Finally, proper exhaustion improves the quality of those prisoner

11  suits that are eventually filed because proper exhaustion often results in the creation of an

12  administrative record that is helpful to the court.  When a grievance is filed shortly after the event

13  giving rise to the grievance, witnesses can be identified and questioned while memories are still

14  fresh, and evidence can be gathered and preserved.").

15       **B.      Documents Withheld by Defendants Under the Official Information Privilege**

16       Defendants have withheld a short memorandum written by staff concerning Plaintiff; a

17  worksheet concerning Plaintiff's accommodation requests; and documents concerning other

18  prisoners' requests for accommodations.

19       **C.      Analysis of Official Information Privilege**

20       The Court has conducted an *in camera* review and finds that the documents concerning

21  Plaintiff are relevant to the dispute and do not implicate any legitimate security interest. They do

22  not concern other inmates. They do not concern informants or any other safety and security

23  concern. Indeed, Defendants' submission refers only to other complaints against Defendant Smith

24  and does not provide any reason why the documents as to Plaintiff should be withheld, besides

25  the general desire for confidentiality of all internal documents.  These documents should be

26  produced.

27       However, the Court will not order the production of the remaining documents. These

28  concern allegations by other inmates against Defendant Smith and others regarding incidents

1  unrelated to Plaintiff. The relevance to the litigation is minimal, if any. The sensitivity of these

2  documents is material in that they concern other inmates and their specific situations. Indeed, at

3  least one concerns an issue that is subject to confidentiality rules. After undertaking the balancing

4  test, the Court declines to order production of those documents.

5       Therefore, the Court will order Defendants to produce DEFS PRIV. 4-8 to Plaintiff within

6  fourteen days.  Defendants may withhold the remaining documents.

7  **II.      MOTION FOR AN EXTENSION OF TIME**

8       On January 8, 2021, Plaintiff filed a motion for an extension of time, seeking an extension

9  of time to respond to Defendants' motion for summary judgment and to file a motion to compel.

10  (ECF No. 52).

11       Previously, the Court granted Plaintiff's request for an extension of time to respond to

12  Defendants' motion for summary judgment but held Plaintiff's request for an extension of time to

13  file a motion to compel in abeyance. (ECF No. 53). That latter issue is now before the Court.

14       At the conference, Plaintiff stated he sent interrogatories to Defendants that they never

15  answered. Defendants indicated they had provided substantive answers to the questions.

16  Defendants agreed to resend their responses to Plaintiff.

17       Therefore, the Court will order Defendants to re-serve their answers to the interrogatories

18  no later than January 29, 2021. Plaintiff may file a motion to compel, as to those interrogatories

19  only, no later than February 17, 2021. If Plaintiff files such a motion, Defendants shall respond no

20  later than March 12, 2021.

21       The motion to compel deadline is therefore extended as described solely for the purpose

22  of filing a motion to compel regarding Defendants' responses to interrogatories.  The request to

23  extend the motion to compel deadline for any other motion is denied.

24  **III.      MOTION TO STAY**

25       On December 24, 2020, Defendants filed a motion to stay discovery as to Defendant

26  Smith only. (ECF No. 51). The motion was filed contemporaneously with Defendants' motion for

27  summary judgment as to Defendant Smith on the issue of exhaustion. (ECF No. 50).

28       To the extent the motion seeks a stay of discovery, the Court denies the motion. The Court

1    is ordering a limited amount of discovery as to Defendant Smith now. Only if Plaintiff files a

2    motion to compel, as discussed above, might Defendants need to provide extra discovery as to

3    Defendant Smith. Thus, denying the stay imposes only a minimal burden on Defendants.

4    Moreover, there is a benefit in finishing discovery as to all defendants at the same time. Thus, the

5    Court will deny the request to stay discovery as to Defendant Smith.

6          To the extent Defendant seeks to stay a for the dispositive motion filing regarding

7    Defendant Smith only, the Court grants Defendant's motion. The Court will not require

8    Defendant Smith to prepare a second dispositive motion while the first dispositive motion on the

9    issue of exhaustion remains pending. Should Defendant Smith's exhaustion-based dispositive

10   motion be denied, the Court will lift the stay and set a new deadline for Defendant Smith to file a

11   dispositive motion on any issue besides exhaustion of administrative remedies.

12   **IV.    ORDER**

13         Accordingly, it is HEREBY ORDERED that:

14         1.    Defendants shall produce DEFS PRIV. 4-8 to Plaintiff within fourteen days.

15               Defendants may withhold the remaining documents submitted for in camera

16               review;

17         2.    Plaintiff's motion for an extension of time (ECF No. 52) is GRANTED, IN PART,

18               and DENIED, IN PART;

19         3.    Defendants shall re-serve their interrogatory responses no later than January 29,

20               2021. Plaintiff may file a motion to compel as to those interrogatories no later than

21               February 17, 2021. If Plaintiff files such a motion, Defendants shall respond no

22               later than March 12, 2021.  The motion to compel deadline is not extended for any

23               other motion; and

24         4.    Defendant Smith's motion to stay (ECF No. 51) is GRANTED IN PART and

25               DENIED IN PART.  Discovery will not be stayed as to Defendant Smith.  The

26               deadline for non-exhaustion dispositive motions, and dates following that deadline,

27               are stayed as to Defendant Smith, to be reset if necessary following the ruling on

28               Defendant's Smith pending summary judgment motion on non-exhaustion of

5

1      administrative remedies.

2

3    IT IS SO ORDERED.

4        Dated:    **January 27, 2021**              /s/ _Erin P. Grosjean_
                                            UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28