1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ADAM SHARPE,                              No.  1:19-cv-00711-DAD-EPG (PC)

12              Plaintiff,

13        v.                                   ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS AND DENYING
14   C. CRYER, et al.,                         DEFENDANTS' MOTION FOR SUMMARY
                                               JUDGMENT
15              Defendants.
                                               (Doc. Nos. 65, 71)
16

17

18        Plaintiff Adam Sharpe is a state prisoner proceeding *pro se* and *in forma pauperis* in this

19   civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

20   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This case proceeds on against

21   defendants C. Cryer, S. Gates, and J. Lewis on plaintiff's claims of deliberate indifference to his

22   serious medical needs in violation of the Eighth Amendment based on his allegations that he has a

23   serious medical need for specialized contact lenses due to his suffering from keratoconus, an eye

24   disease that deteriorates his vision, and that despite the defendant prison officials being aware of

25   that need, he still did not receive the contact lenses.

26        On September 1, 2021, the assigned magistrate judge issued findings and

27   recommendations recommending that defendants' motion for summary judgment (Doc. No. 65)

28   be denied.  (Doc. No. 71.)  In particular, the pending findings and recommendations found that

1

genuine disputes of material fact exist as to whether, in reviewing plaintiff's administrative appeals regarding his not receiving lenses and ophthalmology and optometry appointments despite his doctors' prescriptions and referrals for that purpose, defendants could have taken any steps to ensure that plaintiff's medical treatment was not unnecessarily delayed.  (*Id.* at 16–20.)  For example, the magistrate judge found that "there remains a genuine dispute of material fact as to whether Defendant Gates could have taken steps to ensure that Plaintiff received prompt care, for example, by directing staff working under her to follow up on the status of Plaintiff receiving his contact lenses."  (*Id.* at 20.)  In short, the magistrate judge concluded that the evidence submitted on summary judgment showed that "defendants were informed by medical providers that Plaintiff needed treatment and yet did not take any steps to intervene in his delayed care." (*Id.*)  In addition, the findings and recommendations found the defendants are not entitled to summary judgment on qualified immunity grounds in this case because it was clearly established law that "delays in medical treatment may manifest deliberate indifference" and that prison guards—not just medical staff—could be held liable for healthcare delays.  (Doc. No. 71 at 25) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)).

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 25–26.)  On September 22, 2021, defendants filed objections to the pending findings and recommendations.  (Doc. No. 75.)  Plaintiff did not file objections to the findings and recommendations, but on October 6, 2021, plaintiff filed a response to defendants' objections. (Doc. No. 78.)

As plaintiff notes in his response (Doc. No. 78 at 2), defendants' objections merely reiterate the arguments that they made in their motion for summary judgment—arguments that the magistrate judge already properly addressed in the pending findings and recommendations.  (*See* Doc. No. 75.)  In their objections, as in their motion for summary judgment, defendants essentially argue that because their administrative review of plaintiff's appeals showed that he was "actively moving through the process" and referrals to ophthalmology and optometry appeared to be pending, their decision not to intervene cannot amount to deliberate indifference to

his serious medical need for specialty contact lenses.  (Doc. No. 75 at 3–10.)  However, as the magistrate judge emphasized in the findings and recommendations, defendants rely on the fact that they "lack the authority to contract with outside medical providers or schedule inmate appointments," but they "do not disclaim any ability to do anything at all to facilitate Plaintiff's medical care," such as "contact someone who does schedule appointments to ensure that they are handling the scheduling," nor have they shown that they lack the "ability to investigate, at the administrative level, why Plaintiff was experiencing multiple delays."  (Doc. No. 71 at 18–19.) Defendants' objections do not meaningfully address the findings and recommendations in this regard.

In addition, defendants argue that the pending findings and recommendations improperly relied on decisions that post-date defendants' alleged misconduct in this case in concluding that they were not entitled to qualified immunity based on their alleged violations of a clearly established right.  (Doc. No. 10–14.)  Although defendants' objection in this regard is well taken, the undersigned notes that those recent cases were not the only cases relied upon by the findings and recommendations, and indeed as noted above, the findings and recommendations also relied on the Supreme Court's decision from many decades ago in *Estelle v. Gamble*, 429 U.S. 97 (1976).  (Doc. No. 71 at 25.)  Thus, defendants' objection does not render the pending findings and recommendations as to defendants' qualified immunity arguments improper or incorrect.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including defendant's objections and plaintiff's response thereto, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1.      The findings and recommendations issued on September 1, 2021 (Doc. No. 71) are
        adopted in full;

/////

/////

/////

3

2.      Defendants' motion for summary (Doc. No. 65) is denied; and

3.      This action is referred back to the assigned magistrate judge for further

proceedings.

IT IS SO ORDERED.

Dated:   **November 6, 2021**

_____
UNITED STATES DISTRICT JUDGE

4