UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHARPE,<br><br>             Plaintiff,<br><br>     v.<br><br>C. CRYER, et al.,<br><br>             Defendants. | Case No. 1:19-cv-00711-DAD-EPG (PC)<br><br>ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER; GRANTING MOTION TO APPOINT PRO BONO COUNSEL AND APPOINTING LIMITED PURPOSE COUNSEL<br><br>(ECF Nos. 92, 94) |

Plaintiff Adam Sharpe is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims that Defendants C. Cryer, J. Lewis, and S. Gates were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Before the Court is Defendants' motion to modify the scheduling order (ECF No. 92) and Plaintiff's motion to appoint pro bono counsel (ECF No. 94). For the reasons given, the Court will grant in part and deny in part Defendants' motion to modify the scheduling order and will grant Plaintiff's motion to appoint pro bono counsel to the extent that the Court will appoint counsel for the limited purpose of completing discovery.

I.     **MOTION TO MODIFY SCHEDULING ORDER**

     A.     **Background**

Plaintiff filed this action on May 21, 2019. (ECF No. 1). After screening, this case initially proceeded on Plaintiff's claims for deliberate indifference to serious medical needs in violation of

1

1 the Eighth Amendment against C. Cryer, J. Lewis, and S. Gates and Plaintiff's claim for failure to
2 protect in violation of the Eight Amendment against S. Smith. (ECF Nos. 11, 14, 33). After a
3 scheduling conference, the Court issued a scheduling order on June 9, 2020. (ECF Nos. 30, 32).
4 Pertinent here, that order set the following deadlines: a motion-to-compel deadline of December
5 4, 2020; a non-expert-discovery deadline of March 8, 2021; a dispositive-motion deadline of
6 April 8, 2021; an expert-disclosure deadline of October 10, 2021; and a rebuttal-expert-disclosure
7 deadline of November 10, 2021. (ECF No. 32).

8 On November 23, 2020, Defendants moved to modify the scheduling order to extend the
9 motion-to-compel deadline from December 4, 2020 to March 8, 2021. (ECF No. 44). The Court
10 granted the motion in part, giving the parties until January 4, 2021, to file motions to compel.
11 (ECF No. 45).

12 On December 24, 2020, Defendant Smith filed a motion for summary judgment on the
13 issue of exhaustion. (ECF No. 50). On March 16, 2021, Defendants moved to vacate the April 8,
14 2021 dispositive-motion deadline pending adjudication of Defendant Smith's motion for
15 summary judgment, or, alternatively, to extend the deadline to August 8, 2021. (ECF No. 59).
16 The Court granted the motion in part, setting a deadline of May 24, 2021, to file non-exhaustion
17 dispositive motions. (ECF No. 60). Thereafter, the District Judge adopted findings and
18 recommendations to grant Defendant Smith's motion for summary judgment. (ECF Nos. 63, 66).

19 On May 24, 2021, remaining Defendants Cryer, Gates, and Lewis filed a motion for
20 summary judgment on the merits. (ECF No. 65). On October 4, 2021, Defendants moved to
21 extend all expert deadlines, stating that they had encountered difficulties in obtaining an expert
22 with specialization in keratoconus, the medical condition from which Plaintiff's deliberate-
23 indifference claims stem. (ECF No. 76). The Court granted the motion, setting an expert-
24 disclosure deadline of December 10, 2021, and a rebuttal-expert-disclosure deadline of January
25 11, 2022. (ECF No. 77). Thereafter, the District Judge adopted findings and recommendations to
26 deny the Defendants' motion for summary judgment on the merits. (ECF No. 79).

27 The Court directed the parties to participate in a settlement conference following the
28

denial of Defendants' motion for summary judgment. (ECF No. 82). On November 29, 2021, Plaintiff moved to extend the expert deadlines. (ECF No. 83). The Court granted the motion, and *sua sponte* vacated all pending deadlines to allow the parties to focus their efforts on settlement. (ECF No. 84). After the parties failed to reach a settlement, the Court issued an order setting an expert-disclosure deadline of March 25, 2022, and a rebuttal-expert-disclosure deadline of April 25, 2022. (ECF No. 91).

**B.     Current Request to Modify Scheduling Order**

On January 26, 2022, Defendants filed the instant motion to modify the scheduling order. (ECF No. 92). Specifically, Defendants move to reopen non-expert discovery to (1) depose Defendant Lewis for purposes of obtaining her trial testimony, and (2) subpoena vision records from Natural Vision, which provided medical care to Plaintiff. Defendants also move to extend the expert deadlines and later dates/deadlines (*e.g.*, the deadline for pretrial statements) in this case. As grounds, Defendants state that they recently learned that Defendant Lewis has serious health issues and it is necessary to preserve her testimony for trial by conducting a deposition. They also ask permission to conduct her deposition by remote means. As to the Natural Vision records, Defendants assert that their expert informed them in December 2021 that he was unable to complete his report due to missing records, with Defendants not earlier requesting leave to serve this subpoena so that they could focus on settlement.

On February 7, 2022, Plaintiff filed an opposition to Defendants' motion. (ECF No. 95). Noting that discovery closed almost a year prior to the motion, Plaintiff argues that Defendants' assertions of recently becoming aware of Defendant Lewis' medical condition is vague and unsupported, thus establishing a lack of diligence. As to the Natural Vision records, Plaintiff states that, with diligence, Defendants could have obtained these records earlier and would have had incentive to do so before the settlement conference if they thought the records would support resolution of this action. Accordingly, Plaintiff opposes reopening non-expert discovery. However, Plaintiff does not oppose the remaining modifications, including extending expert deadlines.

3

On February 15, 2022, Defendants file a reply. (ECF No. 97). Elaborating on the circumstances regarding Defendant Lewis, Defendants explain her serious health issues, how they first learned of them in November 2021, and how they learned in December 2021 that she would be moving out of state for medical care. (ECF No. 97). They state that, prior to learning about her medical circumstances, it was assumed that she would be available to testify in person at any trial but given her recent health problems, including her hospitalization (she is currently located in California), it is now necessary to take her deposition for trial purposes.

### C. Standards

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Good cause requires a showing of due diligence, which is the primary factor considered. *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir. 1992); *see Sprague v. Fin. Credit Network, Inc.*, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met.")). Examples of good cause may be found where the moving party shows that it was diligent in assisting the Court in creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe*, 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

And if a party seeks to extend a deadline that has already expired, the Court must additionally evaluate whether "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Ninth Circuit has instructed courts to consider the following factors when ruling on a motion to amend a Rule 16 scheduling order to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent

4

in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Lastly, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

### D.  Analysis

#### 1.  Request to reopen discovery

The Court begins with the request to depose Defendant Lewis. Here, a trial is not "imminent," and this factor weighs in favor of reopening discovery. While Plaintiff opposes modification, Plaintiff has not articulated how he would be prejudiced; accordingly, these factors weigh in favor of allowing the deposition of Lewis. As to diligence, why Plaintiff correctly points out that Defendants appeared to have ample opportunity to previously depose Lewis, Defendants have sufficiently addressed this issue. Notably, Defendants have provided the declaration of defense counsel stating that, prior to November 2021, it was presumed that Lewis would be available to testify in trial in person. (ECF No. 97, p. 6). Further, after learning of Lewis's health issues, they were informed in December 2021 that she would be moving out-of-state for treatment and is currently hospitalized. (*Id.* at 2).

Given that Defendant just recently learned of Lewis' health issues and need for treatment, Defendants have shown that the need to take her deposition during non-expert discovery could not have been foreseen nor is there evidence of a lack of diligence on their part. Moreover, as Lewis is a defendant in this case, her testimony will yield relevant evidence for trial purposes. Accordingly, the factors weigh in favor of reopening discovery to permit Lewis's deposition. *See* Fed. R. Civ. P. 32(a)(4)(C) (permitting deposition to be used at trial when witness is unavailable to attend due to illness).

However, while the Court is granting the request to reopen discovery, the Court is not

deciding whether Lewis's testimony will be admissible in lieu of her personal appearance at the trial. Rather, the parties must raise that issue to the District Judge if this case ultimately proceeds to trial.

Moreover, the Court will not, at this time, address Defendants' request to take Lewis's deposition by remote means. Notably, as the Court is appointing counsel to represent Plaintiff for the purposes of conducting discovery, the Court will first require the parties to confer, as outlined below, according to the Court's established procedures regarding discovery issues. *See* Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means.").

As to the request to subpoena additional records from Natural Vision, it is true that trial is not imminent. However, the deadline for expert reports is imminent. Although as discussed below, the Court is permitting a limited extension to this date, a third-party subpoena for records that will be included in such a report could further delay such expert discovery. This is especially true if there are any disputes regarding that subpoena.

Morover, Defendants have failed to sufficiently explain why they could not have subpoenaed these records sooner or, as they have done previously, seek modification of the scheduling order before the deadline expired. While Defendants assert that they first learned in December 2021 from an expert that the medical records were missing, they fail to specify what records are missing, how the fact that such records are missing would be apparent to only an expert, and whether the supposed missing records were actually relied on by Defendants in connection with Plaintiff's claims. As this case concerns whether Defendants were deliberately indifferent to serious medical needs, it would appear that the relevant records would be ones possessed by Defendants at the time of their relevant decisions. Records in possession of Natural Vision, but not previously obtained by Defendants, would not necessarily be relevant. Defendants do not provide any information regarding what records are supposedly missing, whether they were records that Defendants reviewed and relied on in their decisions, or how they are necessary for expert testimony. Further, as Plaintiff points out, Defendants chose not to pursue

6

these records in connection with the settlement conference. If records were not sufficiently relevant to evaluate the settlement of this case, it would not appear they are critical to the outcome of the case after settlement either.

Given these circumstances, Defendants have not shown diligence in seeking records that Defendants should have foreseen were needed prior to the March 8, 2021 non-expert-discovery deadline. And, without any explanation as to what information the records include, the Court is unable to determine that they will lead to relevant evidence. Accordingly, the factors ultimately weigh against reopening discovery for the purpose of allowing Defendants to subpoena records from Natural Vision.[1]

### 2. Extension of expert discovery

Lastly, all parties agree to an extension of the expert-discovery deadlines. Further, as discussed below, the Court will be appointing counsel for the limited purposes of conducting discovery and concludes that an extension of the expert-discovery deadlines will help give counsel sufficient time to adequately represent Plaintiff. Accordingly, the Court will extend the expert deadlines.

## II.   MOTION TO APPOINT PRO BONO COUNSEL

On February 4, 2022, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 94). Generally, Plaintiff asks for appointment of counsel because he is unable to obtain his own expert, the issues in this case are complex, and Plaintiff's likelihood of success on the merits has improved following the denial of Defendants' motion for summary judgment. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request

---

[1] The Court notes that Plaintiff has opposed Defendants' request and does not seek these records. If, however, counsel appointed for Plaintiff determines that such records are necessary and wishes for all parties to obtain such documents, counsel may confer with defense counsel and propose a stipulation allowing for such discovery.

7

the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court finds that the appointment of counsel for Plaintiff is warranted for the limited purpose of completing discovery, including expert discovery. Here, given that this case will involve expert testimony, it is unlikely that Plaintiff can adequately conduct expert discovery on his own. The expert testimony will likely include medical issues, which are difficult to litigate without the assistance of counsel. Additionally, counsel will prove useful concerning the upcoming deposition of Defendant Lewis. Further, given that Plaintiff's claims have survived summary judgment and this case appears headed to trial, Plaintiff has shown some likelihood of success on the merits. Accordingly, the Court will grant Plaintiff's motion for appointment of pro bono counsel through expert discovery.

While the Court is not appointing counsel for purposes after expert discovery, including pretrial preparations and trial, counsel will have the option to continue representation after discovery is completed.  Quinn J. Chevalier has been selected from the Court's pro bono attorney panel to represent Plaintiff for this limited purpose and has agreed to be appointed.

**III.    ORDER**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the scheduling order (ECF No. 92) is granted to the extent that Defendants request to reopen discovery to depose Defendant Lewis and extend the expert-discovery deadlines and relevant dates/deadlines thereafter. In all other respects, the motion is denied.
2. The scheduling order (ECF Nos. 32, 77, 91) is modified as follows:

| Event | Former Date or Deadline | Revised Date or Deadline |
|---|---|---|
| Deposition of Defendant Lewis | March 8, 2021 | June 20, 2022 |
| Expert Disclosures | March 25, 2022 | May 23, 2022 |
| Rebuttal Expert Disclosures | April 25, 2022 | June 22, 2022 |
| Plaintiff's Pretrial Statement | May 25, 2022 | July 20, 2022 |
| Defendants' Pretrial Statement | June 25, 2022 | August 20, 2022 |
| Telephonic Trial Confirmation Hearing | August 1, 2022 | October 3, 2022<br>Time: 1:30 p.m.<br>Courtroom 5 (DAD) |

3. Because Plaintiff will be represented by counsel through the completion of expert discovery, IT IS FURTHER ORDERED that the following requirements now apply regarding any potential discovery disputes that arise and any discovery motions that are filed:

   a. In order to file a discovery motion pursuant to Fed. R. Civ. P. 37, a party must receive permission from the Court following an informal telephone conference. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue. Before contacting the Court, the parties must meet and confer by speaking with each other in person, over the telephone, or via video in an attempt to resolve the dispute.

   b. Prior to the conference, both parties shall simultaneously submit letters, outlining

9

their respective positions regarding the dispute. The Court will provide the date the letters are due at the time the conference is scheduled. Such letters shall be no longer than three (3) pages single spaced, and may include up to five (5) pages of exhibits. Letters shall be emailed to Magistrate Judge Grosjean's chambers at epgorders@caed.uscourts.gov, and not filed on the docket.

c. At the time of conference, the parties shall dial 1 (888) 251-2909 and enter access code 1024453. Telephonic conferences will not be on the record and the Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

d. If a motion is brought pursuant to Fed. R. Civ. P. 37, after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251(c). In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). Motions to shorten time will only be granted upon a showing of good cause. If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

e. A Joint Statement, not to exceed twenty-five (25) pages, must be filed seven (7) calendar days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). In addition to filing the Joint Statement electronically, a copy of the Joint Statement in Word format must be sent to Magistrate Judge Grosjean's chambers via email to epgorders@caed.uscourts.gov. Courtesy copies for any filing in excess of twenty-five pages (25) (including exhibits) shall also be delivered to chambers via US mail, or hand delivery, at the time the Joint Statement is electronically filed. Motions may be removed from the Court's calendar if the Joint Statement is not

timely filed, or if courtesy copies are not timely delivered.

4. Plaintiff's motion to appoint counsel is granted (ECF No. 94) to the extent that Quinn J. Chevalier is appointed as limited purpose counsel through the completion of expert discovery.

5. Quinn J. Chevalier's appointment will terminate upon the expiration of the deadline for rebuttal expert disclosures, June 22, 2022, or a date thereafter if the Court later extends this deadline. Prior to the termination of the appointment, the Court will accord counsel the option of proceeding as Plaintiff's appointed counsel. If counsel does not wish to continue representation of Plaintiff after he has carried out his limited purpose appointment, the Court will consider appointing new counsel for Plaintiff, if deemed appropriate at that time.

6. Appointed counsel shall notify Sujean Park via email at spark@caed.uscourts.gov if he has any questions related to the appointment.

7. The Clerk of the Court is directed to serve a copy of this order upon Quinn J. Chevalier, The Chevalier Law Firm, 4980 Golden Foothill Pkwy, Suite 34, El Dorado Hills, CA 95762 and list him as counsel for Plaintiff on the docket.

IT IS SO ORDERED.

Dated:  **February 17, 2022**                    /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE