UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHARPE,<br><br>                    Plaintiff,<br><br>     v.<br><br>C. CRYER, et al.,<br><br>                    Defendants. | Case No. 1:19-cv-00711-ADA-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S SUPPLEMENT TO HIS NOTICE TO THE COURT AND REQUEST<br><br>(ECF Nos. 108, 113) |

    Plaintiff Adam Sharpe is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's supplement to his notice to the Court and request, filed on October 25, 2022. (ECF No. 113).

    Plaintiff's original notice and request stated that he had not received documents from his then appointed limited purpose counsel, Attorney Quinn J. Chevalier. (ECF No. 108). Further, Plaintiff stated that it was fair to assume that Attorney Chevalier would not make the required expert-disclosure deadline. Plaintiff asked the Court to (1) order Attorney Chevalier to provide him the required documents; (2) rule that the deposition of Defendant Lewis is inadmissible; and (3) make arrangements for him to obtain his expert's disclosure should Attorney Chevalier fail to provide it.

    After Attorney Chevalier filed a response to the notice and request, representing (with attached proof) that he had sent the documents and would meet with Plaintiff in person about the

1

expert report, the Court entered an order denying Plaintiff's notice and request and directing Attorney Chevalier to again provide the documents and file a notice after he had done so. (ECF Nos. 109, 110). Thereafter, Attorney Chevalier filed a notice, confirming that Plaintiff had again been provided the documents, that he had provided the expert report to Plaintiff, and had disclosed it to Defendants. (ECF No. 111). Thereafter, the Court terminated Attorney Chevalier as limited purpose counsel. (ECF No. 112).

Plaintiff's supplement acknowledges receipt of the documents, withdraws his request for them, but states that he does not withdraw his other two requests. (ECF No. 113). However, the Court already denied the other requests. (ECF No. 110). Moreover, Plaintiff provides no developed argument as to authority permitting, or authority warranting, a ruling that Defendant Lewis's deposition be deemed inadmissible in this case based on his delay in receiving the documents at issue. Moreover, Attorney Chevalier has represented that Plaintiff received his expert report and that it has been disclosed to Defendants.[1]

Accordingly, IT IS ORDERED that Plaintiff's supplement to his notice to the Court and request (ECF No. 113) is denied.

IT IS SO ORDERED.

Dated:   **October 26, 2022**            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's supplement is dated October 17, 2022, which is before the October 20, 2022 meeting during which Attorney Chevalier purportedly provided the expert report.