UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ADAM SHARPE,

Plaintiff,

v.

C. CRYER, et al.,

Defendants.

Case No. 1:19-cv-00711-ADA-EPG (PC)

ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

ORDER THAT PLAINTIFF FILE AMENDED COMPLAINT OR NOTICE THAT HE WISHES TO PROCEED ON CURRENT CLAIMS AND DEFENDANTS BY NO LATER THAN MAY 2, 2023

(ECF No. 115)

Plaintiff Adam Sharpe is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's motion for permission to add a Defendant, Cindy Nules, to this case. (ECF No. 115). The Court construes the filing as a motion for leave to file an amended complaint. Defendants oppose the motion, arguing that Plaintiff unduly delayed seeking leave to amend and permitting him to add claims against a new party would greatly prejudice them. (ECF No. 117).

As explained further below, the Court will grant Plaintiff leave to file an amended complaint, should he choose to do so, because Plaintiff did not unduly delay filing his motion and any prejudice to Defendants is insufficient to warrant denial of the motion.[1] Alternatively,

[1] A "magistrate judge's decision to *grant* a motion to amend is not generally dispositive; whether the *denial* of a motion to amend is dispositive is a different question entirely." *Bastidas v. Chappell*, 791

Plaintiff may file a statement that he wishes to proceed only on the claims and Defendants currently pending, in which case, the case will promptly proceed to trial.

## I. BACKGROUND

Plaintiff filed this case on May 21, 2019. (ECF No. 1). This case proceeds on Plaintiff's claims alleging that Defendants C. Cryer, J. Lewis, and S. Gates were deliberately indifferent to his serious medical needs for specialized contact lenses in violation of the Eighth Amendment. (ECF Nos. 71, 79). Most pertinent here is Plaintiff's claim against Defendant Lewis, which revolves around her role in denying Plaintiff treatment in connection with reviewing his healthcare appeal, with the relevant appeal featuring her typed signature block.

Non-expert discovery closed on March 8, 2021, but the Court reopened discovery at Defendants' request for the limited purpose of deposing Lewis, who was suffering health problems and might not be available to testify at trial. (ECF Nos. 32, 98). Her deposition was conducted on June 17, 2022, with Plaintiff personally present along with his limited purpose counsel at the time, Attorney Quinn Chevalier. (ECF No. 117-1).

On November 16, 2022, Plaintiff filed this motion for leave to amend, stating that he had recently received a copy of Lewis's deposition. (ECF No. 115). Attaching a transcript of the deposition, he noted that Lewis denied involvement in evaluating his healthcare appeal despite her typed signature block appearing on the appeal. Lewis claimed that a healthcare appeals manager named Cindy Nules was involved with the appeal, identifying some handwriting above the typed signature block as belonging to Nules. (*Id.* at 20). Plaintiff asserts that, because the handwriting is illegible and Nules's name does not otherwise appear on the appeal, he had no way of knowing of her involvement. He asks to add her as a Defendant in this case.

Defendants filed an opposition on November 29, 2022, arguing that Plaintiff unduly delayed filing his motion. (ECF No. 117). Specifically, Defendants argue that Plaintiff should have known about Nules's involvement in his appeal earlier because Plaintiff had the

---

F.3d 1155, 1164 (9th Cir. 2015). Because the Court concludes that leave to amend should be granted, it issues an order rather than findings and recommendations.

opportunity to ask Lewis about it during non-expert discovery, he attended Lewis's deposition, and Defendants' motion for summary judgment denied Lewis's involvement in the appeal. Additionally, Defendants argue that they will be substantially prejudiced if leave to amend were granted because of the added delay and litigation costs.

Plaintiff filed a reply on December 16, 2022, arguing that he did not receive the deposition transcript until October 20, 2022, and cannot reasonably have been expected to file his motion without reviewing the transcript. (ECF No. 122). Additionally, Plaintiff contends that Defendants' motion for summary judgment was insufficient to advise him of Nules's involvement, as it made no mention of her.

The Court held a status conference on January 23, 2023, in part, addressing Plaintiff's motion for leave to amend. (ECF Nos. 127, 128). The Court provided reasons on the record that would support granting leave to amend and directed the Clerk to send Plaintiff an amended complaint form and other documents useful to filing an amended complaint, should Plaintiff choose to do so, such as the Court's screening order. (ECF No. 128). However, the Court has deferred issuing a decision on the motion to amend pending the result of the parties' settlement conference. On March 28, 2023, this case failed to settle. (ECF No. 134). Accordingly, Plaintiff's motion for leave to file an amended complaint is now ripe for decision.

## II. LEGAL STANDARDS

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend is in the discretion of the Court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). Leave should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to

facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The nonmoving party has the burden of showing that amendment is improper. *Pizana v. SanMedica Int'l LLC*, No. 1:18-CV-00644-DAD-SKO, 2022 WL 1241098, at *9 (E.D. Cal. Apr. 27, 2022).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

## III. ANALYSIS

With these standards in mind, Defendant argues that two factors warrant denying leave to amend—undue delay and prejudice.

Beginning with undue delay, Defendants argue that Plaintiff should have known about Nules's involvement in his appeal earlier because (1) Plaintiff had the opportunity to ask Lewis about it during non-expert discovery; (2) he attended Lewis's deposition in June 2022; and (3) Defendants' motion for summary judgment denied Lewis's involvement in the appeal. The Court finds none of these grounds provides a persuasive basis to conclude that Plaintiff unduly delayed bringing his motion.

First, it was reasonable for Plaintiff to not question Lewis's involvement in his appeal earlier in the case. Importantly, the appeal at issue contains the following typed signature block at the end of the appeal:

J. Lewis, Deputy Director
Policy and Risk Management Services
California Correctional Health Care Services

(ECF No. 117-1). Given Lewis' signature block on the appeal, and role as the Deputy Director of Policy and Risk Management Services, Plaintiff would not have reason to know that Lewis

would claim not to have been involved in this appeal. Moreover, the signature that Defendants now claim belong to Ms. Nules is illegible, and Mr. Nules' full name does not appear on the appeal.

While it is true that Plaintiff may have learned this information at the June 2022 deposition of Defendant Lewis, it was reasonable for Plaintiff to wait until he saw the deposition transcript so he could accurately recount what happened in his motion and supply the transcript to the Court in support of leave to amend. With this in mind, Plaintiff represents, and the record generally supports, Plaintiff's claim that he received the deposition transcript on October 20, 2022.[2] His filing of the motion approximately a month after receiving the transcript indicates diligence rather than undue delay.

Lastly, Defendants' motion for summary judgment, filed in May 2021, was not sufficient to put Plaintiff on notice of Nules's involvement. While the motion generally argued that Lewis did not have authority to directly provide Plaintiff with medical care, the motion does not mention Nules at all. (ECF No. 65). If anything, Lewis's declaration, provided in support of the motion for summary judgment, would have reasonably indicated to Plaintiff that Lewis was involved with his healthcare appeal, such as Lewis's statement that: "My involvement with Plaintiffs allegations in this case was limited to one 602 HC appeal Plaintiff submitted in 2017." (ECF No. 65-4, p. 3 – Lewis Declaration).

Turning to prejudice, Defendants argue that they "will be forced to answer, re-open discovery, and file a case dispositive motion for the new defendant," which will add litigation costs and delay to this action, which are more pressing concerns given Lewis's "uncertain health." (ECF No. 117, p. 5). The parties also discussed this issue at the conference. And as the

---

[2] The delay in Plaintiff receiving the deposition transcript appears mostly due to his limited purpose counsel, Attorney Chevalier, failing to diligently provide it, which led the Court to order Attorney Chevalier to provide Plaintiff with the deposition transcript, among other documents. (ECF Nos. 101, p. 3 (Plaintiff's filing complaining that Attorney Chevalier had not provided him Lewis's deposition); 107 (order directing Attorney Chevalier to provide Plaintiff with certain discovery); 108 (Plaintiff's filing complaining about not receiving court-ordered documents from Attorney Chevalier); 109 (Attorney Chevalier filing acknowledging Plaintiff's representations that Plaintiff did not receive documents until October 2022).

Court explained at the conference, if Plaintiff files an amended complaint, it will need to be served on Nules, who will then have the opportunity to file a response, seek discovery, and otherwise defend the case, which could substantially delay resolution of this case. However, such delay will mostly affect Plaintiff, rather than prejudice Defendants, who have failed to articulate specific prejudice resulting to them from this delay and what degree of associated litigation costs they expect to incur. *See Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2019 WL 95927, at *3 (N.D. Cal. Jan. 3, 2019). ("[T]he mere need for additional discovery, by itself, does not constitute sufficient prejudice under Rule 15 to withhold leave to amend."); *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("We have previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous *specific* finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment.") (emphasis added).

In short, Plaintiff must decide whether he will file an amended complaint with the understanding that some delay is inevitable, with such delay mainly affecting him, or he may choose not to amend his complaint and proceed on his current claims.

Lastly, Defendants do not argue, and the Court does not find, that any of the remaining factors weigh in favor of denying leave to amend. Plaintiff's desire to amend does not appear to be in bad faith or futile and Plaintiff has not previously amended the complaint.

## IV. CONCLUSION

Based on the reasons given, IT IS ORDERED as follows:

1. Plaintiff's motion for leave to file an amended complaint (ECF No. 115) is granted.[3]
2. If Plaintiff chooses to file an amended complaint, he shall file it by no later than May 2, 2023.
3. If Plaintiff decides to proceed on the operative complaint, he shall file a notice so informing the Court by no later than May 2, 2023, in which case the Court

[3] In granting this motion, the Court is not deciding that amendment is required or that Defendant Lewis is not liable because someone else signed the appeal on her behalf.

will promptly issue an order resetting the applicable deadlines and dates, *e.g.*, the pretrial conference.

4. If Plaintiff chooses to file an amended complaint, it is for the limited purpose of adding Nules as a defendant and to bring claims regarding her involvement with his healthcare. Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in any amended complaint, Plaintiff must also reallege his surviving claims—that Defendants C. Cryer, J. Lewis, and S. Gates were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment—if he wants such claims to remain in this lawsuit.[4] The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the case number, and be an original signed under penalty of perjury.

5. In light of this order, the Court vacates all remaining deadlines and proceedings, including the May 3, 2023 deadline for pretrial statements. (ECF No. 128). The Court will promptly reset these dates if Plaintiff indicates he wishes to proceed on the current claims and defenses.

IT IS SO ORDERED.

Dated: **April 4, 2023**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

[4] The Court previously sent Plaintiff a copy of the operative complaint and screening order to assist him in preparing any amended complaint. (ECF No. 128).