UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHARPE,<br><br>             Plaintiff,<br><br>      v.<br><br>C. CRYER, et al.,<br><br>             Defendants. | Case No. 1:19-cv-00711-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S COMBINED MOTION TO SUPPRESS EVIDENCE, MOTION TO COMPEL, AND MOTION FOR SANCTIONS<br><br>(ECF No. 140) |

Plaintiff Adam Sharpe is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's combined motion to suppress evidence, motion to compel, and motion for sanctions. (ECF No. 140). For the reasons given below, the Court will deny the motion.

**I.    BACKGROUND**

Plaintiff filed this action on May 21, 2019, alleging deliberate indifference under the Eighth Amendment to his serious medical need for specialized contact lenses that help with his eye condition, Keratoconus. Pertinent here, after screening, the case proceeded on Plaintiff's deliberate indifference claims against Defendants C. Cryer, J. Lewis, and S. Gates. (ECF No. 33).

The parties have engaged in extensive litigation in this case, with Plaintiff surviving summary judgment. (ECF No. 79). On April 19, 2023, Plaintiff filed a combined motion to

1

suppress evidence, motion to compel, and motion for sanctions. (ECF No. 140). Generally, Plaintiff argues that the Court should (1) issue sanctions against Defendants for failing to provide him emails concerning prison staff's attempts to schedule him medical treatment and (2) compel Defendants to provide him those emails and a copy of the transcript from the deposition that Defendants took of Plaintiff's medical expert, Dr. Macy.

On May 10, 2023, Defendants filed an opposition, arguing that (1) they had no obligation to provide the emails during discovery, (2) they only recently discovered them and have now provided them to Plaintiff, and (3) no authority requires them to bear the cost of a deposition transcript. (ECF No. 142).

After Defendants' opposition, the Court screened Plaintiff's first amended complaint, with Plaintiff's deliberate indifference claims now proceeding against C. Cryer, J. Lewis, S. Gates, and a new Defendant, C. Nules. (ECF No. 143).

On May 22, 2023, Plaintiff file a reply in support of his motion. (ECF No. 146). While he acknowledges having received the emails at issue, he argues that Defendants were obligated to provide them earlier and maintains that sanctions are appropriate. He does not respond to Defendants' argument that they cannot be required to bear the cost of a deposition transcript on his behalf.

With briefing complete, the matter is now ripe for decision.

## II.    MOTIONS

### A.  Motion to Compel

Plaintiff seeks to compel Plaintiff to produce emails between Substance Abuse Treatment Facility (SATF) staff and outside medical providers that concern attempts to schedule medical treatment for him. He also seeks to compel Defendants to provide him a copy of a Dr. Macy's deposition transcript.

As for the emails, this request is now moot, as Plaintiff concedes that Defendants have since provided the emails. (ECF No. 142, p. 5; ECF No. 146, p. 3). As for the request for a copy of a Dr. Macy's deposition transcript, Defendants correctly point out, and Plaintiff fails to dispute, that this Court has no authority to require Defendants to cover this cost despite Plaintiff

proceeding *pro se* and *in forma pauperis*.[1] *See Clemente v. Parciasepe*, No. 2:14-CV-0611 KJN P, 2015 WL 6447495, at *2 (E.D. Cal. Oct. 23, 2015) ("Defense counsel is correct that defendant is not required to provide plaintiff with a free copy of a deposition transcript."). Moreover, to the extent that Plaintiff would seek the use of Court funds to pay for a deposition transcript, "[t]here also is no statutory requirement for the Court . . . to provide a litigant proceeding *in forma pauperis* with copies of deposition transcripts." *Davis v. Molina*, No. 1:14-CV-1554-BAM (PC), 2017 WL 11707632, at *1 (E.D. Cal. Sept. 27, 2017) (also denying a plaintiff's request for a defendant to provide him with a copy of a deposition transcript).

### B.  Motion to Suppress Evidence and Motion for Sanctions

Plaintiff's motion to suppress and motion for sanctions appear to seek the same remedy—to prevent Defendants from relying on the emails to defend this case based on their failure to provide him a copy of the emails during discovery. (*See* ECF No. 140, p. 3 (asking court to grant Plaintiff's "motion to suppress this evidence")). Primarily, Plaintiff bases his request off the Court's June 9, 2020, which provides as follows:

> In the event any party receives third-party discovery concerning medical records in this litigation, such party will provide copies of the discovery to all other parties. The parties do not have to re-produce documents they have already produced.

(ECF No. 31, p. 2). Additionally, Plaintiff states that Defendants were required to provide the emails as part of his request for production of "[e]very medical document pertaining to Plaintiff's Keratoconus since his arrival at SATF." (ECF No. 146, p. 2, 13). Lastly, Plaintiff relies on Federal Rule of Civil Procedure 26(a)(1)(A)(ii), which requires parties to provide initial disclosures of documents that may be used to support the party's claims or defenses, and Rule 37, which authorizes sanctions for failure to provide discovery or comply with a court order.[2]

---

[1] Should Plaintiff decide to try to obtain a copy of the deposition transcript on his own, he is directed to review Defendants' motion for opposition, which provides contact instructions for the Court reporter along with an approximate cost of the transcript. (ECF No. 142, p. 8).

[2] While prisoner actions are by default exempt from initial-disclosure requirements under Rule 26(a)(1)(B)(iv), the Court issued an order in this case on March 3, 2020, requiring initial disclosures of documents that may be used to support a party's claims or defenses. (ECF No. 23, p. 3).

Defendants argue they had no obligation to provide the emails as part of discovery because "the emails are business records rather than medical records, and Defendants did not obtain the emails through third party subpoenas." (ECF No. 142, p. 5). Defendants indicate that they discovered the emails only recently "when Defendants attempted to gather more information regarding non-party SATF off-site schedulers' attempts to arrange appointments for Plaintiff in preparation for the March 28, 2023 settlement conference." (*Id.*). Further, these emails do not involve any of the current Defendants, and after reviewing the records and making redactions, they provided them to Plaintiff.

For the reasons explained below, the Court concludes that, even if Defendants should have provided the emails to Plaintiff earlier, no sanctions are warranted.

As an initial matter, "[e]xclusion sanctions based on alleged discovery violations are generally improper absent undue prejudice to the opposing side." *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000) (citation omitted). More specifically, although Rule 37(c) prohibits a party from relying on information that it fails to disclose, "Ninth Circuit caselaw interpreting Rule 37(c)(1) makes clear that exclusion of evidence under Rule 37(c)(1) is not appropriate if the failure to disclose the required information is substantially justified or harmless." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1191-92 (9th Cir. 2022) (internal citation and quotation marks omitted).

> To that end, district courts have identified "[s]everal factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017).

*Id.* at 1192.

Beginning with any prejudice to Plaintiff and the ability to cure it, Plaintiff asserts that, had he been provided the emails sooner, he would have likely sought leave to amend his complaint to not only add C. Nules as a defendant, but also multiple defendants, including the SATF staff attempting to schedule his medical care. (ECF No. 146, pp. 5-6). However, Plaintiff

is not precluded from seeking further leave to amend his complaint should his review of the emails lead him to believe he has a case against other persons. Moreover, the Court will consider the fact that the emails were only recently disclosed to Plaintiff as part of determining whether to grant leave to amend.

As for the likelihood of disruption of trial, no trial is scheduled in this case. Rather, because Plaintiff has recently added a new party, the Court is awaiting service and other preliminary matters, with a trial likely being delayed for the foreseeable future.

Lastly, as to bad faith, the Court has some concerns about Defendants' diligence in attempting to discover these emails sooner. Most notably, Defendants state in their opposition that they have "maintained since the inception of this case that SATF off-site schedulers went to great lengths to try and schedule Plaintiff with appropriate offsite providers," which suggests that Defendants would have known about the potential existence of the relevant emails long before the recent settlement conference. (ECF No. 142, p. 5). However, given the lack of prejudice to Plaintiff, the fact that he may still seek leave to amend his complaint to add new Defendants, and the procedural posture of this case preventing a trial from occurring soon, the Court ultimately concludes that no sanctions are warranted.

### III.     CONCLUSION AND ORDER

For the reasons given, IT IS ORDERED that Plaintiff's combined motion to suppress evidence, motion to compel, and motion for sanctions (ECF No. 142) is denied.

IT IS SO ORDERED.

Dated:   **May 30, 2023**                                        /s/ Erica P. Grosjean
                                                                 UNITED STATES MAGISTRATE JUDGE