UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHARPE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. CRYER, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00711-NODJ-EPG (PC)<br><br>ORDER DENYING DEFENDANTS'<br>MOTION FOR LEAVE TO FILE JOINT<br>MOTION FOR SUMMARY JUDGMENT<br>BE DENIED<br><br>(ECF No. 164).<br><br><br>ORDER DENYING PLAINTIFF'S MOTION<br>TO QUASH SUBPOENA<br><br>(ECF No. 167). |

Plaintiff Adam Sharpe is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims in his amended complaint alleging that Defendants C. Cryer, J. Lewis, S. Gates, and C. Nules were deliberately indifferent to his serious medical needs for specialized contact lenses in violation of the Eighth Amendment. (ECF Nos. 141, 143).

Now before the Court are two motions: (1) a motion filed by Defendants Cryer, Gates, and Lewis requesting leave to file a second motion for summary judgment along with newly added Defendant C. Nules by the May 31, 2024 dispositive motion deadline set for Nules; and (2) Plaintiff's motion seeking to quash a subpoena issued to his treatment provider, Natural Vision. (ECF Nos. 164, 167).

1

For the reasons given below, the Court will deny Defendants' motion to file a joint motion for summary judgment. (ECF No. 164). And the Court will deny Plaintiff's motion to quash the subpoena. (ECF No. 167).

# I.    MOTION TO FILE JOINT MOTION FOR SUMMARY JUDGMENT

## A.    BACKGROUND

Before addressing Defendants' motion to file a joint motion for summary judgment, some background information is helpful.

Plaintiff filed this action on May 21, 2019, alleging deliberate indifference under the Eighth Amendment to his serious medical need for specialized contact lenses that help with his eye condition, Keratoconus. Relevant here, the case initially proceeded on Plaintiff's deliberate indifference claims against Defendants C. Cryer, J. Lewis, and S. Gates. (ECF No. 33).

Following discovery and extensive litigation, on May 5, 2021, Defendants Cryer, Gates, and Lewis filed a motion for summary judgment arguing that they were not liable because they were only involved in Plaintiff's appeals at an administrative level, Plaintiff was approved for and receiving treatment, and Defendants are entitled to qualified immunity. (ECF No. 65). The undersigned issued Findings and Recommendations to deny Defendants' motion for summary judgment, (ECF No. 71), Defendants filed objections to the Findings and Recommendations (ECF No. 75), and the District Judge adopted the Findings and Recommendations denying summary judgment on November 8, 2021. (ECF No. 79).

Following the order denying summary judgment, the parties conducted a settlement conference and the case failed to settle. (ECF No. 90).

Following the settlement conference, the parties continued to actively litigate the case. On November 16, 2022, Plaintiff filed a motion to amend his complaint to add an additional defendant, Cindy Nules, based on statements made by Defendant Lewis in a deposition that the signature appearing next to the name of Defendant Lewis was actually someone else's signature—that of subordinate Cindy Nules. (ECF No. 115). The Court granted Plaintiff leave to file an amended complaint adding C. Nules as a Defendant. (ECF Nos. 135, 141, 143). On October 23, 2023, the Court issued a new scheduling order providing as follows: "This

schedule permits discovery only as to Plaintiff's recently added claim against Defendant C. Nules for deliberate indifference to Plaintiff's serious medical needs—the Court is not reopening discovery as to the claims against Defendants C. Cryer, S. Gates, or J. Lewis." (ECF No. 160). The Court set a non-expert discovery deadline of March 29, 2024, and a dispositive motion deadline of May 31, 2024, for Defendant Nules only.

Additionally, on April 19, 2023, Plaintiff filed a motion for sanctions. (ECF No. 140). In part, Plaintiff argued that the Court should issue sanctions against Defendants for failing to provide him emails during discovery concerning Substance Abuse and Treatment Facility (SATF) off-site schedulers' attempts to schedule him medical treatment as required by a court order that generally directed the parties to provide medical records received from third parties. (*See* ECF No. 31). On May 10, 2023, Defendants filed an opposition, arguing that they had no obligation to provide the emails during discovery and they provided them to Plaintiff after discovering them in preparation for a settlement conference and that there was no prejudice to Plaintiff. (ECF No. 142) ("Accordingly, there is no prejudice or surprise to Plaintiff attributable to the disclosure of the emails."). On May 30, 2023, the Court denied Plaintiff's motion for sanctions. (ECF No. 148). While the Court had concerns about the circumstances of Defendants' discovery of the emails, it ultimately concluded that there was no prejudice to Plaintiff as to warrant sanctions.

**B.    DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND SUMMARY JUDGMENT MOTION**

On December 20, 2023, Defendants Cryer, Gates, and Lewis filed a motion for leave to file a joint motion for summary judgment along with Nules by the May 31, 2024 deadline, stating that they intend to rely on the emails to "show that Defendants, via their staff, consistently tried to have Plaintiff seen by qualified medical professionals to receive his specialty contact lenses." (ECF No. 164, p. 3). Defendants argue that they should be permitted to file another motion for summary judgement because (1) Plaintiff expanded the relevant timeframe in his operative complaint and (2) a joint motion for summary judgment will promote judicial economy.

On January 5, 2024, Plaintiff filed an opposition. (ECF No. 165). Plaintiff contends that both arguments are misplaced. First, he argues that the relevant time period at issue has always been when he received properly fitting lenses, which occurred in June 2020 after he filed his initial complaint. (ECF No. 165, p. 2; *see* ECF No. 1, p. 3). Moreover, Plaintiff notes that Defendants had this information all along, as he testified at his deposition that he did not receive properly fitting lenses until June 2020. (*See* ECF No. 69-1, p. 78). Lastly, Plaintiff argues that judicial economy would not be served by allowing Defendants to file yet another motion for summary judgment.

On January 17, 2024, Defendants filed a reply, which generally reiterates their arguments from their motion for leave to file a joint motion for summary judgment. (ECF No. 166). Defendants' reply acknowledges that they "touched on care Plaintiff received outside the period set forth in Plaintiff's Complaint, and questioned him" about it at his deposition, but argue that they "did not fully address" it "in their motion for summary judgment because these claims were not relevant." (ECF No. 166, p. 2). Further, they maintain that judicial economy favors allowing them to make the same arguments as Nules.

## B.   LEGAL STANDARDS

"Nothing in Rule 56 prohibits successive motions." *Martinez v. High*, 91 F.4th 1022, 1027 (9th Cir. 2024). However, "district courts have discretion to entertain successive motions for summary judgment" and may "weed out frivolous or simply repetitive motions." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (internal citation omitted). "A renewed or successive summary judgment motion is appropriate especially if one of the following grounds exists: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3)[the] need to correct a clear error or prevent manifest injustice." *Brazill v. California Northstate Coll. of Pharmacy, LLC*, No. CIV. 2:12-1218 WBS, 2013 WL 4500667, at *1 (E.D. Cal. Aug. 22, 2013) (internal citations omitted).

Further, Rule 56(b) allows a court to set a deadline to file a motion for summary judgment. Fed. R. Civ. P. 56(b). Here, the Court's scheduling order, as amended, set a deadline of May 24, 2021, for Defendants to move for summary judgment. (ECF Nos. 32, 60). While the

Court later issued another scheduling order, that order set a dispositive motion deadline of May 31, 2024, as to only Defendant Nules. (ECF No. 160).

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). And "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification" and "[i]f that party was not diligent, the inquiry should end." *Id.* Notably, the Ninth Circuit has found a lack of good cause where a party was on notice of relevant factual information but instead waited until later to seek relief with the Court. *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023)

### C.   ANALYSIS

With these legal standards in mind, the Court denies Defendants' motion to modify the scheduling orders to permit Defendants to file a second motion for summary judgment.

As to Defendants' first basis for the request, that Plaintiff enlarged the period at issue in Plaintiff's amended complaint, the Court disagrees. Plaintiff's initial complaint (filed in May 2019) clearly alleged that he had been denied medical care and had yet to receive properly fitting lenses. (ECF No. 1, p. 3). Plaintiff's amended complaint did not materially expand on this issue. Rather, the amended complaint contains only one noteworthy sentence: "On June 2020 Plaintiff finally received well-fitting replacement lenses, making the total time in delay of treatment (lack of proper lenses) three (3) years and two (2) months." (ECF No. 141, p. 5). The fact that Plaintiff has now included an end date to the incident does not expand the relevant period at issue. Moreover, Defendants knew this information from Plaintiff's deposition and even referenced it in their motion for summary judgment. (*See* ECF No. 65-1, p. 7 "Sometime between February and June 2020, Natural Vision was finally able to find a set of contacts that properly fit Plaintiff. (DUF 11.)").

Additionally, the timeline that Defendants have summarized of their efforts to schedule medical care spans October 2016 to November 2018, dates that occurred long before Plaintiff

5

filed his complaint in May 2019. Defendants cite no emails that fall within the so-called "expanded" timeframe in Plaintiff's complaint.

The Court does not find Defendants' second argument regarding judicial economy to be persuasive. This case has been extensively litigated for approximately five years. Defendants have already filed a summary judgment motion, which was extensively addressed by the undersigned as well as the District Judge. Defendants made a strategic decision not to search for certain evidence until after summary judgment was denied. In fact, Defendants themselves state that did not seek the emails earlier, during the discovery period in this case "because they thought they had sufficient information within their merits-based motion for summary judgment to prevail." (ECF No. 166, p. 3). To permit Defendants to file a second summary judgment motion, based on documents they decided to locate after the first motion, would improperly give Defendants two bites of the summary judgment apple based solely on their own decision to delay searching for relevant evidence. Especially given the long time this case has been pending, judicial economy would not be served by permitting an additional summary judgment motion.

Furthermore, a second motion for summary judgment would not be as simple as presenting the same arguments as Defendant Nules. Notably, as evidenced by Defendants' initial motion for summary judgment, there are individualized issues as to what information each Defendant knew and how each Defendant was involved in Plaintiff's medical care, which will require extended factual discussion and legal analysis to resolve. (*See* ECF No. 71 – Findings and Recommendations addressing factual allegations against each Defendant individually). It is not at all clear that any summary judgment motion regarding Defendants Nules' own knowledge and actions would be relevant to the other defendants.

The Court thus denies Defendants' motion that requests a modification of the Court's scheduling orders to permit Defendants Cryer, Gates, and Lewis to file a second summary judgment motion jointly with Defendant Nules, based on evidence Defendants sought after the first summary judgment motion had been denied.

\\\

## II.     MOTION FOR LEAVE TO QUASH SUBPOENA

Plaintiff moves to quash a subpoena, purportedly issued by all Defendants, which seeks to subpoena records from one of his medical providers, Natural Vision. (ECF No. 167). Given the Court's order prohibiting further discovery from Defendants Cryer, Gates, and Lewis, the Court issued an order requiring Defendants to file a response addressing which Defendants issued the subpoena. (ECF No. 168). On February 16, 2024, Defendants filed an opposition, arguing in pertinent part, that only Nules is subpoenaing the records and Plaintiff lacks standing to challenge the subpoena. (ECF No. 169).

First, because the scheduling order permits Nules, who is represented to be the only party issuing the subpoena, to conduct discovery, the Court's scheduling order has not been violated. Plaintiff made the decision to add Nules to this case and she has the right to conduct her own discovery and make her own legal arguments based off such discovery independent of the previous Defendants' decisions.

Second, as Defendants argue, Plaintiff has no standing to challenge the subpoena to Natural Vision, as he does not identify any interest he has in the information sought. Notably, "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010) (quoting 9A Charles Wright & Arthur Miller, FEDERAL PRACTICE & PROCEDURE, § 2459 (3d ed. 2008)). Plaintiff has offered nothing to indicate that he falls within an exception to this rule; rather, his arguments are premised on the undue burden to him and the allegedly redundant nature of the subpoenaed information. (ECF No. 167, p. 2).

## III.     CONCLUSION AND ORDER

For the reasons given, IT IS ORDERED that Plaintiff's motion to quash a subpoena (ECF No. 167) is denied.

\\\
\\\
\\\

7

1    And Defendants' motion for leave to file a joint motion for summary judgment (ECF
2  No. 164) is DENIED. [1]

3
4  IT IS SO ORDERED.

5    Dated:    **February 26, 2024**              /s/ Erica P. Grosjean
6                                        UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent the Court's ruling on Defendant Nules' summary judgment motion would apply clearly and equally to the remaining Defendants, nothing in this order precludes Defendants from making an appropriate motion following the ruling on Defendant Nules' summary judgment motion, which the Court will address in due course.

8