UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHARPE,<br><br>          Plaintiff,<br><br>   v.<br><br>C. CRYER, et al.,<br><br>          Defendants. | No. 1:19-cv-00711-KES-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 149, 159) |

    Plaintiff Adam Sharpe is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

    On October 18, 2023, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion for leave to file a second amended complaint, Doc. 149, be denied and that plaintiff not be allowed to add deliberate indifference and negligence claims against six new defendants: five outside medical providers and one new prison staff defendant, K. Emmart. Doc. 159. The findings and recommendations were served on the parties and contained notice that any objections were due within fourteen days. *Id.* Plaintiff timely filed objections. Doc. 161. In plaintiff's objections, he concedes that his allegations are insufficient to state a claim against K. Emmart, but he continues to assert he should be allowed to pursue claims against the five new outside medical providers. *Id.* at 4. Defendants filed a response to plaintiff's objections on November 15, 2023. Doc. 162.

Plaintiff argues that further amendment of the complaint is warranted by defendants' disclosure in March 2023 of emails that, defendant claims, indicate negligence or deliberate indifference by the outside medical providers. *See* Doc. 161 at 4. However, as the magistrate judge found, defendants' May 24, 2021, motion for summary judgment notified plaintiff of the potential responsibility of outside medical providers for any delay in his medical care, and plaintiff's December 2020 deposition reflects that he knew of at least some of the outside providers based on his own interactions with them. Plaintiff also fails to identify a discovery violation in this instance by defendants. As the magistrate judge found, it was plaintiff's responsibility to timely follow up on needed discovery and to timely seek to bring other possible defendants into the litigation. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 609-10 (9th Cir. 1992) (once defendant notifies plaintiff that non-parties were at fault it becomes plaintiff's duty to prosecute case against those defendants). Plaintiff's objections are not persuasive and do not identify any error in the magistrate judge's findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this court has conducted a de novo review of the case. Having carefully reviewed the file, including plaintiff's objections, the court concludes the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on October 18, 2023, Doc. 159, are ADOPTED IN FULL.
2. Plaintiff's motion for leave to file a second amended complaint, Doc. 149, is DENIED.
3. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:     July 5, 2024

_____
UNITED STATES DISTRICT JUDGE