UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHARPE,<br><br>            Plaintiff,<br><br>    v.<br><br>C. CRYER, et al.,<br><br>            Defendants. | Case No. 1:19-cv-00711-KES-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Docs. 173, 182 |

Plaintiff Adam Sharpe is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This case proceeds on the claims in plaintiff's second amended complaint that defendants Cryer, Lewis, Gates, and Nules were deliberately indifferent to his serious medical needs for specialized contact lenses in violation of the Eighth Amendment. Docs. 141, 143. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 30, 2024, Nules filed a motion for summary judgment, arguing that she was not deliberately indifferent to plaintiff's need for contact lenses because her staff worked diligently to schedule plaintiff medical care, and the delays encountered were outside her control. Doc. 173. The motion was fully briefed. Docs. 177, 181.

On September 9, 2024, the assigned magistrate judge issued findings and recommendations, recommending that defendant Nules' motion for summary judgment be

1  granted. Doc. 182. Specifically, the magistrate judge found that "no reasonably jury could
2  conclude that Nules acted with deliberate indifference by failing to take action to secure
3  Plaintiff's medical care during the limited timeframe at issue." *Id.* at 11. The findings and
4  recommendations were served on all parties and contained notice that any objections thereto were
5  to be filed within thirty days after service, and that any response to objections was due within
6  fourteen days after service of the objections. *Id.* Plaintiff was granted additional time within
7  which to file objections. Doc 184. On December 5, 2024, plaintiff timely filed objections.
8  Doc. 185. Defendants timely filed a response to plaintiff's objections on December 19, 2024.
9  Doc. 186.

10  In the objections, plaintiff argues that the magistrate judge should have denied Nules'
11  motion because: (1) Nules failed to take any actions to resolve the delays plaintiff encountered
12  obtaining his specialty contacts; (2) Nules should have stopped plaintiff's transfer to the
13  California Men's Colony (CMC) by utilizing a medical hold; (3) Nules should have intervened
14  when RN Emmart experienced delays with RN Carrasquillo; and (4) the magistrate judge
15  improperly limited the time frame for Nules's involvement in the alleged failure to intervene.
16  Doc. 185.

17  In their response, defendants argue that the findings and recommendations correctly
18  rejected plaintiff's argument that Nules failed to take any actions to resolve delays and found that,
19  by the time Nules signed the response to plaintiff's healthcare appeal in December 2017, staff had
20  resolved prior issues that prevented plaintiff from getting his lenses and were actively working to
21  schedule plaintiff with an outside provider. Doc. 186 at 2. Defendants also argue that there is no
22  evidence that Nules, "a non-medically trained appeal reviewer, was authorized to make a medical
23  decision dictating whether an inmate can transfer based on a medical hold." *Id.* at 3. Next,
24  defendants emphasize that RN Emmart, working under Nules' direction, made multiple follow-
25  ups and helped resolve the delays with RN Carrasquillo. *Id.* at 4. Finally, defendants argue that
26  because there is evidence that plaintiff's lenses were properly functioning on September 11, 2017,
27  and Nules did not receive his appeal until that date, she could not have known of any earlier
28  delays plaintiff experienced. *Id.* at 5.

2

1	In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the file, including plaintiff's objections and defendants' response, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

Plaintiff's objections provide no basis to undermine the findings and recommendations. The crux of the objections is that Nules should have taken additional steps to prevent delays, whether by intervening in scheduling, halting a prison transfer, or ensuring different action by nursing staff. However, the record shows that, as found in the findings and recommendations, by "the time Nules signed Plaintiff's healthcare appeal in December 2017, staff had resolved prior issues that prevented Plaintiff from getting his lenses and staff was actively working on scheduling him an appointment with the doctor that was currently working as [the California Substance Abuse Treatment Facility's] outside provider." Doc. 182 at 9. The objections do not identify any evidence that Nules possessed the authority to place a medical hold to prevent plaintiff's transfer. It is undisputed that Nules never met with or interviewed plaintiff and that she is not a medical professional. Nor has plaintiff shown that Nules was aware of, yet disregarded, a substantial risk of harm with respect to the delays associated with RN Carrasquillo. To the contrary, the record demonstrates that RN Emmart, with whom Nules frequently worked on headquarters level healthcare appeals, took multiple steps to address the delays and to ensure that issues involved in scheduling plaintiff an ophthalmology appointment were resolved. The findings and recommendations also considered the appropriate timeframe as to Nules' alleged failure to intervene and found "that Nules' staff directly intervened to try to schedule Plaintiff's medical care" the day after plaintiff's June 2017 healthcare appeal, and that the period of Nules' involvement ended on "December 28, 2017, when Nules signed Plaintiff's appeal and had no further involvement in his medical care." *Id.* at 10.

///

///

///

///

3

Accordingly

1. The findings and recommendations issued on September 9, 2024, Doc. 182, are adopted in full;

2. Defendant Nules' motion for summary judgment, Doc. 173. is granted; and

3. The Clerk of Court is directed to terminate Nules as a defendant on the docket.

IT IS SO ORDERED.

Dated:   September 1, 2025

_____
UNITED STATES DISTRICT JUDGE

4